**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4719**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRANCE RICHARDSON, a/k/a Squeaky, a/k/a L-Don, a/k/a Don,

                    Defendant - Appellant.


_____

**No. 10-4825**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GREGORY SAULSBURY,

                    Defendant - Appellant.


_____

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  William D. Quarles, Jr., District
Judge. (1:09-cr-00288-WDQ-1; 1:09-cr-00288-WDQ-26)

_____

Submitted:  September 6, 2011      Decided:  January 6, 2012

_____

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

J. James Roos, III, Towson, Maryland; Stephanie Gallagher, LEVIN & GALLAGHER LLC, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Antonio J. Reynolds, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Richardson and Gregory Saulsbury appeal their convictions following a jury trial.  The jury found Richardson guilty of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006), and conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006).  The district court sentenced Richardson to life on each count.  Saulsbury was found guilty of conspiracy to distribute and possess with the intent to distribute controlled substances, and was also sentenced to life.  We affirm.

On appeal, Richardson argues that the district court violated his rights by qualifying a police officer to provide expert testimony on the history, symbols, language, structure and operation of the Bloods gang.  Because Richardson did not offer any specific grounds for his objection to the officer's certification as an expert, the court reviews this claim for plain error.  United States v. Perkins, 470 F.3d 150, 157 & n.10 (4th Cir. 2006).  To succeed on this claim, Richardson must establish:  "(1) error; (2) that is 'clear or obvious, rather than subject to reasonable dispute'; (3) that affected substantial rights, 'which in the ordinary case means . . . that it affected the outcome of the district court proceedings'; and

3

(4) that 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Byers, 649 F.3d 197, 213 (4th Cir. 2011) (alterations in original) (quoting Puckett v. United States, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009)).

The record belies Richardson's claim that the officer was unqualified to testify as an expert on the Bloods. The officer testified to ten years' experience as a police officer, four years' experience focused on gang investigations, extensive training on gang crime and its investigation, and numerous contacts with members of the Bloods. The record supports the district court's qualification of the officer as an expert witness, and Richardson is not entitled to relief on this claim.

Richardson also contends that the district court erred in denying his motion for a new trial that was based on his claim that the Government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by suppressing evidence about payments to a witness. Suppression does not occur "[a]s long as evidence is disclosed before it is too late for the defendant to make effective use of it." United States v. Russell, 971 F.2d 1098, 1112 (4th Cir. 1992). Moreover, the volume and nature of the evidence against Richardson precludes a finding that earlier disclosure would create a reasonable probability of a different result, undermining confidence in the trial. Lovitt v. True,

4

403 F.3d 171, 183 (4th Cir. 2005) (citing <u>Kyles v. Whitley</u>, 514 U.S. 419, 433-34 (1995)).  Because no <u>Brady</u> violation exists, we conclude that the district court did not abuse its discretion in denying the motion for a new trial.  <u>United States v. Stokes</u>, 261 F.3d 496, 502 (4th Cir. 2001).[1]

Finally, Saulsbury contends the district court abused its discretion in admitting evidence of his prior convictions. The Court reviews the admission of evidence under an abuse of discretion standard, reversing only where the decision to admit evidence was "arbitrary or irrational."  <u>United States v. Weaver</u>, 282 F.3d 302, 313 (4th Cir. 2002).  The Federal Rules of Evidence forbid the admission of evidence of previous crimes "in order to show action in conformity therewith," but allow such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).

Evidence of prior distribution-related drug offenses can be relevant to establish knowing, voluntary, and intentional membership in a conspiracy to distribute drugs.  <u>United States v. Mark</u>, 943 F.2d 444, 448 (4th Cir. 1991).  Saulsbury put these elements "directly in issue by his plea of not guilty."  <u>Id.</u>

---

[1] We grant Richardson's motion to file a supplemental pro se brief, but find no merit in his additional contentions.

The prosecutor merely read a summary of the convictions to the jury at the end of the Government's case. Under the circumstances, the probative value of Saulsbury's prior convictions was not "substantially outweighed by confusion or unfair prejudice in the sense that [they tended] to subordinate reason to emotion in the factfinding process."[2] United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). Moreover, we would affirm even if error existed because, in the context of the trial of a whole, the evidence of Saulsbury's prior convictions "did not have a substantial and injurious effect or influence on the result." United States v. Johnson, 617 F.3d 286, 299 (4th Cir. 2010) (internal quotation marks omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2] To the extent Saulsbury relies on the district court's failure to give a limiting instruction contemporaneously, such failure is not reversible error where, as here, counsel failed to request the instruction be given contemporaneously rather than during the instruction phase. Mark, 943 F.2d at 449 & n.2.